UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Case No. 1:07-cr-213-05

v.

                              HONORABLE PAUL L. MALONEY

SHAWN B. ECHOLS,

        Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

Defendant Shawn B. Echols has filed a motion for modification or reduction of sentence pursuant to 18 U.S.C. §3582(c)(2) based on the modification of the Drug Quantity Table with respect to cocaine base (crack cocaine).

Section 3582(c)(2) permits a court to reduce the term of imprisonment of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 750 of the United States Sentencing Guidelines modified U.S.S.G. § 2D1.1, the Drug Quantity Table with regard to cocaine base (crack cocaine), and U.S.S.G. § 2D2.1(b). These modifications were made retroactive effective November 1, 2011. U.S.S.G. § 1B1.10(c).

At the time of sentencing, the Court approved a stipulation between the defendant and the government that established a base offense level of 30. After application of a two-level enhancement for firearms and a three-level reduction for acceptance of responsibility, the total offense level was calculated at 29. Defendant's criminal history category is V, so the applicable

guideline range was determined to be 140 to 175 months. The defendant was ultimately sentenced to 114 months custody as the Court sentenced below the advisory guideline range due to § 3553 factors. The new calculation, however, does not result in a lower guideline range. In calculating the new guideline range, the United States Probation Office used the agreed upon base offense level to which the parties stipulated, applied the firearm enhancement and reduction for acceptance of responsibility, resulting in a total offense level of 29. The newly calculated guideline range is the same as before, 140 to 175 months. Accordingly, the amendments are of no assistance to the defendant. Further, the Court declines to revisit the drug quantity stipulation between the parties. Therefore,

**IT IS HEREBY ORDERED** that the defendant's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 373) is **DENIED**.

Date: July 17, 2012        /s/ Paul L. Maloney
                           Paul L. Maloney
                           Chief United States District Judge